**Nos. 23-1647, 23-1648, 23-1649, 23-1650, 23-1651, 23-1652, 23-1781**

# In the United States Court of Appeals
## F O R   T H E   T H I R D   C I R C U I T

RUSORO MINING LIMITED,
*Plaintiff-Appellee*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,
*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,
*Intervenor-Appellant,*

*(additional captions included on last cover page)*

On Appeal from the United States District Court for the District of Delaware
Misc. Nos. 19-290, 20-257, 21-46, 21-481, 22-156, 22-453
(Hon. Leonard P. Stark, United States Circuit Judge)

## APPELLEE MOVANTS' EMERGENCY MOTION FOR RECONSIDERATION OF THIS COURT'S ADMINISTRATIVE STAY

R. Craig Martin
DLA PIPER LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
(302) 468-5655

James E. Berger
Charlene C. Sun
Joshua S. Wan
Charlotte M. Westbrook
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4715

*Counsel for Appellee*
*Rusoro Mining Limited*

*(counsel for additional Appellees continued on inside cover)*

David B. Salmons
James D. Nelson
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-3000

Edward H. Davis, Jr.
Fernando J. Menendez
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
(305) 372-8282

Jonathan M. Albano
Christopher L. Carter
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA  02110-1726
(617) 951-8063

*Counsel for Appellee*
*OI European Group, B.V.*

Alexander A. Yanos
Rajat Rana
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400
alex.yanos@alston.com
rajat.rana@alston.com

Laura Davis Jones
Peter J. Keane
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

Robert Poole
Alston & Bird, LLP
1201 W Peachtree St NE #4900,
Atlanta, GA 30309
404-882-4547
robert.poole@alston.com

*Counsel for Appellees Northrop Grumman Ship Systems, Inc., f/k/a Ingalls*
*Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated,*
*Koch Minerals Sàrl and Koch Nitrogen International Sàrl*

i

Marie M. Degnan
Ashby & Geddes
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
mdegnan@ashbygeddes.com

Joshua S. Bolian
Jared A. Hagler
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
jbolian@rjfirm.com

*Counsel for Appellees*
*ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.*

Katherine G. Connolly
Norton Rose Fulbright US LLP
555 California Street, Suite 3300
San Francisco, CA 94101
(628) 231-6816
katie.connolly@nortonrosefulbright.com

Matthew P. Ward
Womble Bond Dickinson (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801Nashville,
(302) 252-4320
matthew.ward@wbd-us.com

*Counsel for Appellee*
*Gold Reserve, Inc.*

**Nos. 23-1647, 23-1781**
OI EUROPEAN GROUP, B.V.,
*Plaintiff-Appellee.*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,
*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,
*Intervenor-Appellant,*

---

**No. 23-1648**
NORTHROP GRUMMAN SHIP SYSTEMS, INCORPORATED, formerly known as Ingalls Shipbuilding, Incorporated
*Plaintiff – Appellee.*

v.

THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, PE-TROLEOS DE VENEZUELA, S.A.
*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.
*Intervenor – Appellant,*

---

**No. 23-1651**
KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL
*Plaintiffs – Appellees.*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA
*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.
*Intervenor – Appellant,*

iii

**No. 23-1649**
ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS
LTD., AND LDO (CAYMAN) XVIII LTD.,
*Plaintiffs-Appellees.*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,
*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,
*Intervenor-Appellant,*

**No. 23-1652**

GOLD RESERVE INC.,
*Plaintiff-Appellee.*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,
*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,
*Intervenor-Appellant,*

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE CASE.............................................................................4

ARGUMENT ..................................................................................................11

    I.     The OFAC License Warrants Reconsideration of the Stay ...............11

    II.    The Stay Prejudices the Moving Parties' Ability to Enforce
          Their Judgments ....................................................................12

CONCLUSION ...............................................................................................15

CERTIFICATE OF COMPLIANCE....................................................................18

CERTIFICATE OF SERVICE ...........................................................................19

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rule 27.7 of the Local Appellate Rules of the Court of Appeals for the Third Circuit, appellees Rusoro Mining Limited ("Rusoro"); OI European Group B.V. ("OIEG"); Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"); ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (together, "ACL"); Koch Minerals Sàrl and Koch Nitrogen International Sàrl (collectively, "the Koch Parties"); and Gold Reserve, Inc. ("Gold Reserve") (together, the "Moving Parties") respectfully move this Court to (1) reconsider its Order dated May 5, 2023, in which it referred to the merits panel the May 1, 2023, motion of Appellant Petróleos de Venezuela S.A. ("PDVSA") (by which PDVSA sought an emergency stay pending appeal of six separate but related cases (the "Six District Court Creditor Proceedings")[1] pending before the U.S. District Court for the District of Delaware (the "District Court") (the "Stay Motion")) and ordered a temporary administrative stay of the Six District Court Creditor Proceedings pending further order of the Court

---

[1] The Six District Court Creditor Proceedings include *ACL1 Investments Ltd. et al v. Bolivarian Republic Of Venezuela*, 21-mc-46 (D. Del.); *Northrop Grumman Ship Systems, Inc. v. The Ministry Of Defense of The Republic Of Venezuela*, 20-mc-257 (D. Del.); *OI European Group B.V. v. Bolivarian Republic Of Venezuela*, 19-mc-290 (D. Del.); *Gold Reserve Inc. v. Bolivarian Republic Of Venezuela*, 22-mc-453 (D. Del.); *Koch Minerals Sàrl, et al. v. Bolivarian Republic Of Venezuela*, 22-mc-156 (D. Del.); *Rusoro Mining Limited v. Bolivarian Republic Of Venezuela*, 21-mc-481 (D. Del.).  The plaintiffs in these proceedings are hereinafter referred to as the "Six District Court Creditors."

(the "Stay"); and (2) vacate the Stay on the ground that new evidence has become available since the Stay Motion was briefed that materially alters the status quo among the judgment creditors of PDVSA and the Bolivarian Republic of Venezuela ("Venezuela") who have sought to enforce their judgments in the District Court, and thus renders the Stay inequitable.

As the Court is likely aware, this appeal focuses on the District Court's finding that PDVSA is the alter ego of Venezuela, and that the Moving Parties' judgments against Venezuela may be enforced against PDVSA assets that are located in the District of Delaware. This Court, in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (2019), affirmed a prior order of the District Court holding that PDVSA is Venezuela's alter ego, and permitting enforcement against the same assets that are at issue here. In view of the similarity between the issues before this Court in *Crystallex* and those at issue on this appeal, the Moving Parties respectfully submit that the likelihood of reversal of the orders on appeal herein is low.

As discussed below, less than 24 hours before this Court entered the Stay, the Office of Foreign Asset Control of the United States Department of the Treasury ("OFAC") granted a specific license (the "OFAC License") permitting the issuance and service of writs of attachment *fieri facias* by the District Court Clerk for any party who has been designated an "Additional Judgment Creditor" by the District Court under the Sale Procedures Order entered in *Crystallex Int'l Corp. v. Bolivarian*

2

*Republic of Venezuela*, 17-mc-151 (D. Del.) ("*Crystallex*").  Each of the Six District Court Creditors holds an unissued/unserved conditional writ of attachment *fieri facias* against shares of PDV Holding, Inc. (the "PDVH Shares"), and no creditor has yet been named an "Additional Judgment Creditor."  Because this Court's Stay applies only to the Six District Court Creditor Proceedings, other conditional writ holders now stand to inequitably benefit (and potentially obtain priority positions after service of their writs) from the recent OFAC License while the Moving Parties risk falling behind in terms of priority (and worse, potentially out of the sales process entirely if the Stay is not lifted prior to the District Court's determination of which conditional writ holders should be added as "Additional Judgment Creditors" under the Sale Procedures Order).  Indeed, in its most recent submission to the District Court, Crystallex argued that, "[s]hould the Court of Appeals maintain a stay of proceedings as to the alter-ego creditors beyond June 9, 2023 (or issue any new stay as to any creditor), this Court should not consider those creditors' judgments for inclusion as 'Additional Judgments.'"  *See Rusoro Mining Limited v. Bolivarian Republic of Venezuela*, 21-mc-481 (D. Del.) D.I. ("Del. D.I.") 58 at 4.  Crystallex further submitted "that in light of the extraordinary delay and expense that have attended to its years-long effort to enforce its rights, under no circumstances should the Court delay the launch of the sale process, or any other deadlines under the Sale Procedures Order, pending the appellate process for any

other creditors whose proceedings may be stayed." *Id.* Thus, other judgment creditors are moving to block the Moving Parties out of the auction (and even from the prefatory steps leading up to an auction) as a result of the combination of the current stay and OFAC's most recent submission to the court.

Because the recent OFAC License was not known to the Moving Parties or this Court until after briefing on the Stay Motion had concluded, the Moving Parties and this Court were not aware of the material consequences that the OFAC License could have if a stay were granted (even in light of the existing, and appreciated, expedited merits briefing schedule that this Court entered in these proceedings). Thus, the Moving Parties respectfully move for reconsideration and vacatur of the Stay in light of the OFAC License, and request that such emergency relief be considered promptly.

## STATEMENT OF THE CASE

On August 22, 2016, an arbitral tribunal issued a final arbitration award against the Venezuela and in favor of Rusoro, ordering Venezuela to pay nearly $1 billion in damages, plus interest, to Rusoro in connection with the Venezuelan government's expropriation of Rusoro's gold-mining assets in Venezuela (the "Award"). Del. D.I. 4-1 at 1.[2] On March 2, 2018, the United States District Court

---

[2] Other judgment creditors include Crystallex International Corporation ($1.2 billion), ConocoPhillips ($2 billion), Red Tree Investments, LLC ($260 million),

for the District of Columbia recognized the Award and entered judgment (the

"Rusoro Judgment"). *See Rusoro Mining Limited. v. Bolivarian Republic Of*

*Venezuela*, 16-cv-2020 (D.D.C. Mar. 2, 2018), D.I. 22.

On November 4, 2021, Rusoro registered the Rusoro Judgment in the District

of Delaware pursuant to 28 U.S.C. § 1963.  Del. D.I. 1.  Shortly thereafter, on

February 9, 2022, Rusoro moved the District Court for an order authorizing the

issuance of a writ of attachment *fieri facias* against the PDVH Shares.  Del. D.I. 2.

Each of the Moving Parties also moved for the same relief with respect to their

judgments. *See OI Eur. Grp., B.V. v. Bolivarian Republic Of Venezuela*, No. 19-mc-

290-LPS, D.I. 48 (D. Del. Feb. 16, 2021);[3] *Northrop Grumman Ship Sys., Inc. v. The*

*Ministry Of Defense of The Republic Of Venezuela*, No. 20-mc-257-LPS, D.I. 3 (D.

Del. Sept. 15, 2020);[4] *Koch Minerals Sàrl et al v. Bolivarian Republic of Venezuela*,

---

OIEG ($580 million), Huntington Ingalls ($138 million), ACL ($118 million), Gold
Reserve, Inc. ($713 million), and the Koch Parties ($387 million).

[3] OIEG commenced arbitration against Venezuela in 2011. *OI European Group B.V.
v. Bolivarian Republic of Venezuela*, 2022 WL 611563, at *1 (D. Del. Mar. 2, 2022).
In 2015, an arbitral tribunal entered an award against Venezuela, and in 2019 the
United States District Court for the District of Columbia confirmed the award as a
U.S. judgment (the "OIEG Judgment"). *Id*.  In November 2019, OIEG registered
the OIEG Judgment with the District Court, and thereafter moved to attach
PDVSA's shares of PDV Holdings, Inc. to satisfy the OIEG Judgment (in 2019, the
OIEG Judgment was calculated as over $583 million, and remains outstanding
today). *See id*.

[4] Huntington Ingalls received an arbitration award against Venezuela on February
19, 2018, compensating for losses in a dispute dating back to 2002.  *See
Northrop Grumman Ship Sys. v. Ministry of Def. of the Republic of Venez.*, No.

No. 22-mc-156-LPS ("*Koch*"), D.I. 2 (D. Del. Oct. 7, 2022);[5] *ACL1 Investments.*

*Ltd. v. Bolivarian Republic Of Venezuela*, No. 21-mc-46-LPS, D.I. 2 (D. Del. Nov.

22, 2021); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, No. 22-mc-453

("*Gold Reserve*"), D.I. 2 (D. Del. Oct. 20, 2022).[6]

---

1:02cv785-HSO-RHW, 2020 U.S. Dist. LEXIS 56586, at **4-10 (S.D. Miss. Mar. 31, 2020).  On July 31, 2020, Huntington Ingalls registered its District Court for the Southern District of Mississippi's judgment confirming its $138 million judgment before the District Court and subsequently sought a writ of attachment *fieri facias*. No. 1:20-mc-00257, D.I. 1.  Huntington Ingalls' judgment continues to accrue interest and remains outstanding today.

[5] The Koch Parties received their initial award on October 30, 2017, which was later amended to correct an error.  *See Koch Minerals Sàrl v. Bolivarian Republic of Venez.*, Civil Action No. 17-cv-2559-ZMF, 2021 U.S. Dist. LEXIS 155363, at **3, 9 (D.D.C. Aug. 18, 2021).  On August 18, 2021, the United States District Court for the District of Columbia entered a consolidated final judgment enforcing the award for a total of $387 million plus interest.  *Id.* at **9–10.  Then, on October 7, 2022, the Koch Parties filed a motion for a conditional writ of attachment *fieri facias* before the district court.  No. 1:22-mc-156, D.I. 2.  The Koch Parties' judgment continues to accrue interest and remains outstanding today.

[6] Gold Reserve received an arbitration award against Venezuela on September 22, 2014. *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, Case No. 1:14-cv-02014-JEB (D.D.C.). On November 20, 2015, the United States District Court for the District of Columbia denied Venezuela's Motion to Dismiss, granted Gold Reserve's Petition to Confirm Arbitral Award and entered judgment for Gold Reserve against Venezuela in the amount of $740 million, plus pre- and post-award interest and $5 million in legal fees and costs. *Id.* On June 21, 2017, the U.S. Court of Appeals for the District of Columbia Circuit dismissed Venezuela's appeal of the Judgment. On October 5, 2022, Gold Reserve registered its judgment in Delaware and on October 20, 2022, it filed a motion for conditional writ of attachment *fieri facias* before the district court, which was granted by order dated March 31, 2023. No. 1:22-mc-453, D.I. 1, 2. Gold Reserve's judgment continues to accrue interest and remains outstanding today.

On March 23, 2023, the District Court issued its Opinion and Order (i) determining that PDVSA remains an alter ego of Venezuela, and thus its PDVH Shares were subject to attachment by OIEG, Huntington, ACL and Rusoro; and (ii) approving a writ of attachment on the PDVH Shares in favor of OIEG, Huntington, ACL and Rusoro with issuance and service of the writ conditioned upon the licensing of (or removal of sanctions preventing) the same. *See* Del. D.I. 44 at ¶ 4. As a result of the District Court's Opinion and Order, all that remains for the District Court to do is (1) receive evidence that shows satisfaction of the condition precedent for service of the writ (*i.e.*, an OFAC license that permits service), and (2) approve a sale of the PDVH Shares that contemplates proceeds being used to satisfy these judgments.    Koch and Gold Reserve obtained the same relief via separate, subsequent, orders. *See Koch*, D.I. 21; *Gold Reserve*, D.I. 27.  The PDVH Shares are currently subject to the Sale Procedures Order in the *Crystallex* proceeding (in which this Court already affirmed PDVSA's alter ego status).  The Sale Procedures Order contemplates a procedure to sell the PDVH Shares to satisfy Crystallex's judgment, plus any "Additional Judgments" as determined by the District Court.

Despite offering no form of security, PDVSA sought a stay of the Six District Court Creditor Proceedings pending its appeal to this Court. *See*, *e.g.*, Del. D.I. 49. The District Court denied PDVSA's motion.  Del. D.I. 54.  Thereafter, on May 1, 2023, PDVSA sought an emergency stay from this Court of the Six District Court

Creditor Proceedings "pending this Court's final disposition of PDVSA's above-captioned consolidated appeals from the District Court's denial of PDVSA's sovereign immunity." D.I. 16 at 1.

PDVSA's Stay Motion did *not*, however, seek a stay of the proceedings in *Red Tree Investments, LLC v. Petróleos De Venezuela, S.A., et al.*, No. 22-mc-68 (D. Del.) or *Red Tree Investments, LLC v. Petróleos De Venezuela, S.A., et al.*, No. 22-mc-69 (D. Del.) (the "Red Tree Proceedings"), or in *Phillips Petroleum Company Venezuela Limited, et al. v. Petróleos de Venezuela, S.A., et al.*, No. 19-mc-342 (D. Del.) or *ConocoPhillips Gulf Of Paria B.V. v. Corporación Venezolana Del Petróleo, S.A., et al.*, No. 22-mc-264 (D. Del.) (the "ConocoPhillips Proceedings") (together, the "Unstayed Proceedings"), as those proceedings are not subject to these appeals.[7]

---

[7] Plaintiffs in the Unstayed Proceedings—Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V. ("ConocoPhillips"), and Red Tree Investments, LLC ("Red Tree") (together, the "Unstayed Parties")—each have judgments against PDVSA directly. As it did with respect to the judgments in the Six District Court Creditor Proceedings, the District Court granted writs of attachment *fieri facias* relating to these judgments to ConocoPhillips and Red Tree. *See* No. 19-mc-342, D.I. 43; No. 22-mc-264, D.I. 20; No. 22-mc-68, D.I. 15; and No. 22-mc-69 D.I. 15. Under the Sale Procedures Order entered by the District Court to govern the execution sale of the PDVH Shares, all creditors—including the Unstayed Parties and the Moving Parties—may seek to be designated as an "Additional Judgment Creditor." *See Crystallex*, No. 17-mc-151, D.I. 481 at ¶ 30.

On May 4, 2023, the Moving Parties filed their respective oppositions to PDVSA's Stay Motion. D.I. 19. PDVSA filed its reply in support of its Stay Motion that same day. D.I. 21.

Also on May 4, 2023—but notably *after* the Moving Parties had filed their Oppositions[8]—the District Court entered an order docketing OFAC License No. VENEZUELA-EO13884-2023-1057131-1 (the "OFAC License"), together with the District Court's communications with the Special Master relating to the same. *See* Del. D.I. 55. The OFAC License—originally issued on May 1, 2023, but not made available to the Moving Parties or the public until it was docketed by the District Court on May 4, 2023—authorizes the District Court Clerk, and any Additional Judgment Creditors named by the Court, to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party that has been designated an 'Additional Judgment Creditor'" under the Sale Procedures Order. Del. D.I. 55 at 8. At present, the District Court has not designated any "Additional Judgment Creditors," meaning that no party has the right to avail itself of the rights conferred by the OFAC License. At the time the Stay was entered, however, the District Court had a pending request

---

[8] Whereas the District Court filed its Order docketing the OFAC License on May 4, 2023, *see*, *e.g.*, Del. D.I. 55, the Moving Parties' Oppositions were also filed on May 4, 2023, but before this Court's 9:00 a.m. deadline. *See*, *e.g.*, Del. D.I. 19; *see also* Del. D.I. 17 (Order imposing deadline to file response by 9:00 a.m. on Thursday, May 4, 2023).

for the Unstayed Parties and the Moving Parties to propose a briefing schedule on which judgments should be designated by the District Court as "Additional Judgments." *See* Del. D.I. 47 (ordering the Six District Court Creditors to "submit a joint status report with a proposed briefing schedule regarding which judgments should be regarded as 'Additional Judgments' under the Sale Procedures Order" by May 8, 2023—*i.e.*, "7 days after the [Special Master's] Supplemental Report" was filed).

Less than 24 hours later, on May 5, 2023, this Court entered the Stay, D.I. 22, and, later that day, the Six District Court Creditor Proceedings accordingly were stayed.  Del. D.I. 56.  Because the Stay only applies with respect to the Six District Court Creditor Proceedings, the Unstayed Parties have the ability to seek designation as Additional Judgment Creditors, and the District Court retains jurisdiction and authority to so designate them in its discretion.  If the Unstayed Parties are designated as "Additional Judgment Creditors" holding "Additional Judgments," the Unstayed Parties would be free to have their writs served, which in turn would potentially establish priority, as priority is determined on a first-in-time basis under Delaware law.  Thus, the recent OFAC License combined with the Stay could result in the Unstayed Parties obtaining liens against the PDVH Shares that would be earlier in time than—and, possibly, enjoy priority over—any liens that may be

obtained by the Moving Parties, who cannot take action (or have their own judgments be deemed "Additional Judgments") because of the Stay.

## ARGUMENT

### I.    The OFAC License Warrants Reconsideration of the Stay

After a motion is granted, "[a] party adversely affected by the court's . . . action may file a motion to reconsider, vacate, or modify that action." Fed. R. App. P. 27(b).  Under the Federal Rules of Civil Procedure, "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*quoting Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)) (denial appropriate where motion for reconsideration merely advanced the same arguments made in complaint and prior motions); *see also Patyrak v. Apgar*, 511 F. App'x 193, 197 (3d Cir. 2013) (affirming District Court's grant of motion for reconsideration of order dismissing complaint on statute of limitations grounds where movant submitted new evidence relevant to when movant received notice of his claims).  A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669; *see also Vasquez v. Wingard*, 847 F. App'x 108, 111 (3d Cir. 2021) (denial of motion for reconsideration appropriate where movant presented no change

in law or new evidence); *OR v. Hutner*, 576 F. App'x 106, 110 (3d Cir. 2014) (denial appropriate where movants failed to present "new evidence that was not available when the District Court ruled.").

This motion relies exclusively on the second ground. Here, the OFAC License constitutes material "new evidence" sufficient to warrant reconsideration of the Stay because it was not available to the Moving Parties (nor was it made public) at the time they filed their respective oppositions to PDVSA's Stay Motion. *See In re Linerboard Antitrust Litig.*, 361 F. App'x 392, 397 (3d Cir. 2010) (reconsideration appropriate where, "at the time of the First Order" the new evidence "had not been clear to the [court]."). The OFAC License—made available to the Moving Parties less than 24 hours before this Court's Stay, and *after* they had filed their respective oppositions to PDVSA's Motion—could not possibly have been in this Court's purview when it imposed the Stay. Accordingly, the OFAC License constitutes "new evidence" sufficient to warrant a motion for reconsideration.

## II.    The Stay Prejudices the Moving Parties' Ability to Enforce Their Judgments

OFAC's issuance of the OFAC License significantly changes the circumstances as they relate to the Stay, the Sale Procedures Order, and the relationship among the various creditors of Venezuela and PDVSA. Whereas before OFAC issued the OFAC License, neither the Moving Parties nor the Unstayed Parties were able to serve or obtain a levy of their attachment orders, the Stay creates

12

a situation where the Unstayed Parties can do so, but the Moving Parties cannot.  *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (in considering whether to grant a discretionary stay, courts consider—among other factors—the injury of a stay to the nonmovant).  Stated differently, as a result of the OFAC License, the District Court is now authorized to "issu[e] and serv[e] . . . a writ of attachment *fieri facias* for any party named an 'Additional Judgment Creditor' by the Court pursuant to the Sale Procedures Order."  Del. D.I. 55 at 6.  Whereas previously, *all* creditors were eligible to be named "Additional Judgment Creditors"—and thus treated equitably—under the Sale Procedures Order, the Moving Parties are now prevented from seeking or receiving this designation for so long as the Stay remains in place.

Meanwhile, the Unstayed Parties—whose enforcement proceedings are unaffected by the Stay—remain able to pursue and obtain this relief and have made such requests.  The possibility that the Unstayed Parties may be named "Additional Judgment Creditors" under the Sale Procedures Order, and that their writs of attachment *fieri facias* could be issued and served, while the Stay remains in place would substantially injure the Moving Parties.  Typically, under Delaware law, a lien on attached property is perfected upon levy of the property by the sheriff—in this case, the U.S. Marshal.  *See OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 2022 WL 611563 at *8 (D. Del. Mar. 2, 2022) (*citing In re Stanley's*

13

*Asphalt Paving, Inc.*, 353 B.R. 63, 65 (Bankr. D. Del. 2006) (lien effective upon levy by sheriff)); *see also Flemming v. Thompson*, 343 A.2d 599, 600 (Del. 1975) (same); *State v. Fisher*, 1996 WL 659471 at *2 (Del. Super. Ct. 1996) (noting that lien was perfected upon levy by sheriff and gave judgment creditor priority over all subsequent liens for a period of three years).  If the Unstayed Parties' writs of attachment are issued and served, and the U.S. Marshal subsequently levies on the PDVH Shares, the Unstayed Parties' liens may be perfected at a time when the Moving Parties cannot obtain such a perfected security interest due to the Stay.

As one Unstayed Party has acknowledged, the value of the PDVH Shares is "highly uncertain," *see Crystallex*, No. 17-mc-151, D.I. 180 at 3, and there is no guarantee that it will be sufficient to compensate all creditors for the value of their respective judgments.  Indeed, the Special Master has himself acknowledged that "it is in the best interests of the Sale Process Parties in pursuit of a *value-maximizing* Sale Transaction to launch the Marketing Process *as soon as practicable*."  No. 17-mc-151, D.I. 553 at ¶ 34 (emphases added).  If the Unstayed Parties' judgments are accorded priority over those of the Moving Parties, the Moving Parties risk having their judgments left unsatisfied.  Meanwhile, there remains no harm to PDVSA or Venezuela if the Stay were lifted and/or vacated—the closing of the sale contemplated by the Sale Procedures Order is proposed for mid-*2024* (and if these appeals are still pending at that time, sale proceeds could be escrowed to the extent

necessary). The window of opportunity for the Moving Parties to be deemed "Additional Judgment Creditors" and to establish a meaningful priority position that is now possible under the OFAC License is quickly closing with the Stay in place.

## CONCLUSION

For the reasons stated above, this Court should grant Moving Parties' Motion, and reconsider and vacate its Stay.

Dated:  Wilmington, Delaware
        May 9, 2023

Respectfully submitted,

*s/ R. Craig Martin*

R. Craig Martin
DLA PIPER LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
(302) 468-5655

James E. Berger
Charlene C. Sun
Joshua S. Wan
Charlotte M. Westbrook
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4715

*Counsel for Appellee Rusoro Mining Limited*

Edward H. Davis Jr.
Fernando J. Menendez
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
(305) 372-8282

Christopher L. Carter
Jonathan M. Albano
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
(617) 951-8063

David B. Salmons
James D. Nelson
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000

*Counsel for Appellee OI European Group B.V.*

Laura Davis Jones
Peter J. Keane
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

Alexander A. Yanos
Rajat Rana
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400
alex.yanos@alston.com
rajat.rana@alston.com

Robert Poole
Alston & Bird, LLP
1201 W Peachtree St NE #4900,
Atlanta, GA 30309
404-882-4547
robert.poole@alston.com

*Counsel for Appellees Northrop Grumman Ship Systems, Inc., f/k/a Ingalls
Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated,
Koch Minerals Sàrl and Koch Nitrogen International Sàrl*

Marie M. Degnan
Ashby & Geddes
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
mdegnan@ashbygeddes.com

Joshua S. Bolian
Jared A. Hagler
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
jbolian@rjfirm.com

*Counsel for Appellees ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.*

Katherine G. Connolly
Norton Rose Fulbright US LLP
555 California Street, Suite 3300
San Francisco, CA 94101
(628) 231-6816
katie.connolly@nortonrosefulbright.com

Matthew P. Ward
Womble Bond Dickinson (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801Nashville,
(302) 252-4320
matthew.ward@wbd-us.com

*Counsel for Appellee Gold Reserve, Inc.*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with Local Appellate Rule 28.3(d) because at least one of the attorneys whose names appear on the brief, including R. Craig Martin, is a member in good standing of the bar of this Court.

2.     This document complies with the length limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3814 words.

3.     This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.  This document also complies with Local Appellate Rule 31.1(c) because it has been scanned using Microsoft Defender Antivirus software and no virus was detected.

Dated:  May 9, 2023                     *s/ R. Craig Martin*
                                        R. Craig Martin

                                        *Counsel for Appellee*
                                        *Rusoro Mining Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2023, I caused a copy of this document to be filed electronically with the United States Court of Appeals for the Third Circuit via the Court's Electronic Filing System, and to be served electronically upon all counsel of record through that system.

Dated: May 9, 2023              *s/ R. Craig Martin*
                                R. Craig Martin

                                *Counsel for Appellee*
                                *Rusoro Mining Limited*